Frost, J.
delivered the opinion of the Court.
By’the Sheriff’s sale under the execution against Clarke, and the conveyance to the plaintiff, he acquired all the right, title and interest of Clarke to the land in dispute, and was, by law, substituted to Clarke’s possession and right of possession.
The admission of Manning to be a co-defendant, does not oblige the plaintiff to more proof than would be necessary to support his action, if Clavke alone were defendant. Manning, as co-defendant, is only permitted to show a paramount title to Clarke; which he must do, as if the plaintiff were in possession, instead of Clarke. He has shown a title to the land in dispute, in himself, derived from the grant and through Clarke’s conveyance to him, in Ociober, 1831.
The land is included in a grant, held by the Alstons, *365 senior to that under which Manning claims; and between him and them, if the title were in question, to be decided by documentary evidence, they would have the right.— But in an action by them against Clarke, his title, by adverse possession, was established ; and Manning, by the proof of his adverse possession, by the tenancy of Clarke, since January, 1832, has also shown an adverse possession to the Allstons, for more than ten years prior to the Sheriff’s sale to the plaintiff. He has then shown a title by deed against Clarke, and possession long enough to give a statutary title against the Alstons, if that were necessary. He can, therefore, recover against Clarke, and, by consequence, against the plaintiff. But besides this, Alston’s title was not in issue in this case. Neither Clarke nor the plaintiff claimed under it. It was not produced in evidence, and therefore, for the purposes of this suit, does not exist, and is no bar to Manning’s recovery. The charge of the presiding Judge is liable to objection, in that he instructed the jury that the Alston title defeated Clarke’s paper title, and Manning’s right to recover.
It is true that Clarke filched this land from the Alstons, when, in the action against him, by them, he set up an adverse possession in himself, and succeeded in supporting his claim by a verdict; for if he had not suppressed his conveyance to Manning and acknowledgment of tenancy, in January, 1832, it would have appeared that he had no possession in his own right, and that Manning’s possession was less than ten years, before that action was brought to recover the land. Manning knew of the action and was present at the trial, but interposed no claim to the land, and, doubtless, participated in the fraud. But the practices by which Clarke and Manning succeeded in getting possession of a part, of the Alston land, do not, in law, affect Manning’s title on the case presented.
In considering the grounds of appeal, the alteration in the deed, from Clarke to Manning, has not been noticed. — ■ The date is obviously altered, but whether before or after the execution of it, does not appear. As no objection was made to the deed, on this account, when produced in evi *366 dence, Manning had no opportunity to explain this suspi-. cious circumstance. It may be accounted for on a second trial.
The motion is granted.
Richardson, J. O’Neall, J. Butler, J. and Ward-, laav, J. concurred.

Motion granted.